THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SPENCE BUTLER, LLC; AROUND BACK RANCH, LLC; JOS T FINLINSON INC., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFICORP d/b/a ROCKY MOUNTAIN POWER COMPANY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT <br><br> Case No. 4:21-cv-00079-DN-PK <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendant PacifiCorp d/b/a Rocky Mountain Power ("RMP") filed Defendant RMP's Motion for Summary Judgment ("Motion")[1] on December 16, 2022. In the Motion, Rocky Mountain argues that it is statutorily shielded from Plaintiffs' claims of negligence related to a fire that started June 26, 2020 just north of Oak City, Utah. Plaintiffs filed their Opposition to Defendant RMP's Motion for Summary Judgment ("Opposition")[2] on February 3, 2023. RMP filed its Reply in Support of Motion for Summary Judgment on March 10, 2023.[3]

For purposes of the Motion only, RMP assumes that Plaintiffs' position that the fire was caused by a line slap and arcing is correct. The Motion relies on RMP's argument that Utah Code § 65A-3-4(3)(a) bars Plaintiffs' claims for negligence against RMP. Utah Code 65A-3-4(3) provides:

> In an action under this section to recover for property damage resulting from a wildland fire or to recover the cost of fire suppression resulting from a wildland fire, a qualified utility or electric cooperative may not be considered

---

[1] Docket no. 29, filed December 16, 2022.

[2] Docket no. 31, filed February 3, 2023.

[3] Docket no. 36, filed March 10, 2023.

> to have negligently caused a wildland fire if . . (i) the electrical transmission wildland fire protection plan of the qualified utility or electric cooperative identifies and addresses the cause of the wildland fire for fire mitigation purposes; and (ii) at the origin of the wildland fire, the qualified utility or electric cooperative has completed the fire mitigation work identified in the electrical transmission wildland fire protection plan . . . .[4]

An "electrical transmission wildland fire protection plan" is defined as a "wildland fire protection plan, as defined in Section 54-24-102, that is . . . prepared and submitted . . . and approved."[5] After 2020, a qualified utility is must submit a plan to the Public Services Commission of Utah every third year.[6]

RMP submitted a wildland fire protection plan on June 1, 2020. However, the RMP plan was not approved by the Public Service Commission of Utah until October 13, 2020. At the time of the fire in June, the plan was prepared and submitted but not approved. The statute requires a plan's approval. The statute confers liability protection against negligence claims for entities transmitting electricity if the entities *prepare* plans to mitigate wildfire risks, *submit* the plans, *receive approval* of those plans, and take the actions described in the plans. RMP argues that the eventual approval of its plan creates liability protection for the fire occurring before plan approval, but that reading is inconsistent with the plain reading of the statute. To receive liability protection, "the qualified utility or electric cooperative" must have "completed the fire mitigation work identified in the electrical transmission wildland fire protection plan" "at the origin of the wildland fire."[7] The only natural reading of this statute is that the plan must be approved and mitigation efforts must be completed prior to the occurrence of the fire. This result is also

---

[4] Utah Code Ann. § 65A-3-4.

[5] Utah Code Ann. § 65A-3-4.

[6] Utah Code Ann. § 54-24-201.

[7] Utah Code Ann. § 65A-3-4.

supported by the timing for plan submission under § 65A-3-4. A utility is required to submit new wildland fire protection plans every three years for approval. Under RMP's approach, filing of a successive plan could, even though unapproved, supersede a previously approved plan. It would be unclear which plan would apply—the approved plan in place prior to a fire occurrence, or a successive plan that is approved after a disputed fire occurs. The statute's requirement of plan approval is most naturally read to require plans to be approved before liability protection attaches.

RMP did not have an "electrical transmission wildland fire protection plan" in place at the time of the fire and cannot use § 65A-3-4 to bar Plaintiffs' negligence claim. Accordingly, the Motion[8] is DENIED.

Signed September 15, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[8] Docket no. 29, filed December 16, 2022.