THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SPENCE BUTLER, LLC; AROUND BACK RANCH, LLC; JOS T FININSON INC, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFICORP d/b/a ROCKY MOUNTAIN POWER COMPANY, <br><br> Defendant. | MEMORANDUM DECISION & ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE OF DAMAGED EQUIPMENT AND ELECTRICAL INCIDENTS <br><br> Case No. 4:21-cv-00079-DN-PK <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendant PacifiCorp d/b/a Rocky Mountain Power Company ("RMP") filed its Motion in Limine to Exclude Evidence of (1) Damage or Defects of Any Rocky Mountain Power Equipment Except Equipment Between Poles 7 and 8 and (2) Electrical Incidents on Other RMP Equipment ("Motion").[1] The Motion is fully briefed.[2]

## BACKGROUND

This action arises out of a rural wildfire that started around June 26, 2020, just north of Oak City in Millard County, Utah. The fire, known as the Canal Fire, lasted 9 days and burned approximately 78,000 acres in Millard and Juab Counties. Plaintiffs Spence Butler, LLC; Around Back Ranch, LLC; and Jos T Finlinson Inc. ("Plaintiffs") are owners of private property that was

---

[1] Defendant's Motion in Limine to Exclude Evidence of (1) Damage or Defects of any Rocky Mountain Power Equipment Except Equipment Between Poles 7 and 8 and (2) Electrical Incidents on other RMP Equipment, docket no. 49, filed September 6, 2023.

[2] Plaintiffs' Opposition to Defendant's Motion in Limine to Exclude Evidence of (1) Damage or Defects of any Rocky Mountain Power Equipment Except Equipment Between Poles 7 and 8 and (2) Electrical Incidents or Other RMP Equipment ("Opposition"), docket no. 63, filed September 28, 2023; Defendant's Reply in Support of its Motion in Limine to Exclude Evidence of (1) Damage or Defects of any Rocky Mountain Power Equipment Except Equipment Between Poles 7 and 8 and (2) Electrical Incidents or Other RMP Equipment ("Reply"), docket no. 71, filed October 5, 2023.

burned in the Canal Fire. The Plaintiffs also operate cattle-ranching businesses that were

impacted by the Canal Fire. Defendant Pacificorp d/b/a Rocky Mountain Power ("RMP") is a

corporation that operates as a public utility in Utah. RMP owns and operates electrical

transmission equipment that is located in the area encompassed by the Canal Fire. Plaintiffs

allege that RMP's equipment caused the Canal Fire, which RMP disputes.

### Plaintiffs are not limited to seeking admission of evidence of damage or defects to RMP equipment only between and including poles 7 and 8.

Plaintiffs seek to admit evidence of the condition of equipment proximate to poles 7 and

8 (Target Poles) which Plaintiff's expert identified as the likely location of the start of the fire at

issue in this case. Defendant RMP argues against admission of this evidence based on its

misapplication of F.R.E. 404.[3] The condition of equipment proximate to the Target Poles is not

evidence of *propensity* or *acts* to show conformance of *behavior* on another occasion. That is

evidence of *conditions* proximate to the Target Poles. Complete direct evidence of all the

conditions of the Target Poles is not available because "RMP removed and replaced" the Target

Poles and related equipment "while the Fire was still burning."[4] So, some of the best currently

available contemporaneous evidence of condition of the Target Poles and related equipment

previous to the fire is evidence of proximate poles and equipment. That evidence is admissible as

to liability and as to the pending issue of spoliation.[5]

---

[3] Motion at 4-5, docket no. 49, filed September 6, 2023.

[4] Opposition at 3., docket no. 63, filed September 28, 2023.

[5] *See* Defendant RMP's Motion in Limine to Exclude Evidence and Argument that RMP Spoliated Evidence, docket no. 55, filed September 6, 2023; and Plaintiffs' Motion in Limine for Spoliation Sanctions against Defendant RMP, docket no. 83, filed October 12, 2023.

**Evidence of electrical incidents on RMP equipment in other locations
may be relevant and admissible.**

"Plaintiffs plan on introducing evidence of RMP's equipment defects and electrical events for the purpose of proving that RMP knew its equipment frequently caused fires and thus should not have removed or modified the equipment until a proper investigation took place."[6] Evidence of other defects and incidents may be relevant to conditions in the RMP system and maintenance practices, as well as to RMP's obligation to preserve evidence. Defendant RMP responds "that Plaintiffs' spoliation argument is not a matter for the jury to decide . . . [b]ecause Utah doesn't recognize a standalone cause of action for spoliation . . . ."[7] While Utah law does not provide a tort remedy for spoliation,[8] a properly instructed jury may decide whether evidence has been made unavailable by a party and then apply a negative evidentiary inference.[9]

The current record on this motion is unclear as to the precise nature and degree of similarity of RMP's other equipment defects and electrical events to the equipment subject of this litigation. It is not possible to determine in deciding this motion which, if any, "equipment defects and electrical events" may be relevant to prove "that RMP knew its equipment frequently caused fires and thus should not have removed or modified the equipment until a proper

---

[6] Opposition. at 5, docket no. 63, filed September 28, 2023. This is an issue raised in other motions RMP has filed: Defendant's Motion in Limine to Exclude Evidence of Other Lawsuits or Judgments, Docket no. 50, filed September 6, 2023; Defendant's Motion in Limine to Exclude Evidence of Other Fires, docket no. 51, filed September 6, 2023.

[7] Reply at 4, docket no. 71, filed October 5, 2023.

[8] *Hills v. United Parcel Service, Inc.*, 232 P.3d 1049 (Utah 2010); *cf. Cumberland Ins. Group v. Delmarva Power*, 226 Md. App. 691, 696 (2016).

[9] *See* Thomas Y. Allman, Informing Juries About Spoliation of Electronic Evidence After Amended Rule 37(E): An Assessment, 13 F.C.L.R. 82 (2021) (last visited October 11, 2023) and, for example, 4.19 Lost Or Destroyed Evidence | Model Jury Instructions (Ninth Circuit)(last visited October 11, 2023) and CACI No. 204. Willful Suppression of Evidence : California Civil Jury Instructions (CACI) (2023) (last visited October 11, 2023).

3

investigation took place."[10] Other motions are pending which may further explore the facts and legal authority missing on this motion,[11] but a categorical bar is not likely.

**Expert opinion testimony does not limit other evidence of fire origin.**

It is necessary to address another matter which arose in the briefing.[12] Plaintiff's expert John Palmer ("Palmer") details in his report that "the items that were removed and replaced by CVE [Cache Valley Electric] were not retained and were therefore unavailable for inspection."[13] Palmer further details damage he observed beyond the line-slap damage on the span between the Target Poles.[14] Palmer notes that "the potential for an electrical arcing event" could "not be evaluated" in portions of the system where components were unavailable for analysis due to their removal and replacement by RMP. Despite RMP's actions rendering materials unavailable for review and analysis by Plaintiffs' expert Palmer, RMP claims that "any evidence that does not support the theory proposed by Plaintiffs' expert would lead to impermissible speculation and should be excluded."[15]

Because Palmer's ability to render a complete opinion was compromised by RMP's actions, Plaintiffs are not limited to Palmer's opinions based on his observations of the available system. Plaintiffs may ask the jury to infer that the unavailable components had damage or defects that are consistent with the observations of third-party eyewitnesses who may have

---

[10] Opposition at 5, docket no. 63, filed September 28, 2023.

[11] Defendant's Motion in Limine to Exclude Evidence of Other Lawsuits or Judgments, docket no. 50, filed September 6, 2023; Defendant's Motion in Limine to Exclude Evidence of Other Fires, docket no. 51, filed September 6, 2023; Defendant RMP's Motion in Limine to Exclude Evidence and Argument that RMP Spoliated Evidence, docket no. 55, filed September 6, 2023; and Plaintiffs' Motion In Limine for Spoliation Sanctions against Defendant RMP, docket no. 83, filed October 12, 2023.

[12] Opposition at 2, docket no. 63, filed September 28, 2023; Reply at 3, docket no. 71, filed October 5, 2023.

[13] Expert Report of John Palmer, docket no. 42-1 at 12, filed June 9, 2023.

[14] *Id.*

[15] Reply at 2, docket no. 71, filed October 5, 2023.

observed arcing. Also, the theory of the expert cannot exclude relevant factual evidence from eyewitnesses. No estoppel or evidentiary bar arises from expert testimony, and the jury should have access to all available evidence and may also be called upon to make inferences based on the unavailability of evidence.

### ORDER

**IT IS HEREBY ORDERED** that the Motion[16] is denied. Plaintiffs may seek admission of evidence of damage or defects to RMP equipment in the incident area beyond the Target Poles. Evidence of electrical incidents on RMP equipment in other locations is not categorically barred. Expert opinion testimony does not limit eyewitness evidence relevant to fire origin.

Signed October 20, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[16] Defendant's Motion in Limine to Exclude Evidence of (1) Damage or Defects of any Rocky Mountain Power Equipment Except Equipment Between Poles 7 and 8 and (2) Electrical Incidents on other RMP Equipment, docket no. 49, filed September 6, 2023.